# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:06-CV-483-RJC-DCK

| | |
|---|---|
| CRYSTOL SMITH, as Administrator of the Estate of Priscilla Johnson, Deceased, </br></br>    Plaintiff, </br></br> v. </br></br>TRANS AM TRUCKING, INC. and CHARLES HARVEY SPILLER, </br></br>    Defendants/Third Party Plaintiffs, </br></br> v. </br></br>CRYSTOL SMITH, Individually, and CATRINIA DIANNE HARRIS, </br></br>    Third Party Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion For Protective Order And Motion To Quash Subpoena" (Document No. 28) and "Brief In Support Of Motion For Protective Order" (Document No. 29) filed August 10, 2007; "Plaintiff's Memorandum In Opposition To Defendant's Motion For A Protective Order" (Document No. 30) filed August 15, 2007; and "Defendants' Reply..." (Document No. 31) filed August 20, 2007. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition.

Having carefully considered the papers, the record, the applicable authority, and the arguments of the parties at a hearing on August 21, 2007, the undersigned will grant the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a collision between a tractor trailer and an automobile on Interstate 85 near Charlotte, North Carolina on March 19, 2006. Plaintiff Crystol Smith is the administrator of the estate of Priscilla Johnson. Johnson was thrown from the automobile during the collision and died a few hours later as a result of her injuries. Defendants are Charles Spiller, the driver of the tractor trailer, and Trans Am, owner of the tractor trailer.

Plaintiff filed a Complaint (Document No. 1-3) in Mecklenburg County Superior Court with allegations including: illegal, wrongful, willful, wanton, reckless careless and gross negligent conduct by Spiller; as well as imposing liability on his employer Trans Am for that same conduct, and alleging negligent hiring, supervision, training and retention by Trans Am. Plaintiff seeks compensatory and punitive damages. Defendants removed the case to this Court (Document No. 1) on November 30, 2006.

The pending motion involves questions of the availability of Ralph Gettings of Custard Insurance Adjusters and his file on this case, pursuant to Plaintiff's July 26, 2007 subpoena of Mr. Gettings. The subpoena commands Mr. Gettings to appear for a deposition and commands that he produce "[t]he entire file on the Trans Am Trucking accident . . . including but not limited to any contracts, measurements, photos, notes, witness statements." (Document 29-4).

Defendants contend that their counsel, Ned Stiles, was hired the day after the accident, March 20, 2006, in anticipation of litigation and Mr. Gettings was contacted by Mr. Stiles that same day to assist in the investigation of the incident. In response to the subpoena, Defendants filed their "...Motion For Protective Order And Motion To Quash Subpoena" (Document No. 28). Defendants

contend that the information and documents sought by Plaintiff are protected trial preparation materials and attorney work product that is privileged and not subject to disclosure.

At Plaintiff's request, Defendants produced a privilege log pursuant to Fed.R.Civ.P. 26(d)(5)(A), and submitted the records identified in the log to the Court for *in camera* review. The Court held a hearing on the motion, and other issues, on August 21, 2007.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." The party asserting attorney work product has the burden to establish "(1) that the material sought to be withheld from disclosure consists of documents or tangible things, (2) prepared in anticipation of litigation or for trial, (3) by or for another party or by or for that party's representative." Ennis v. Anderson Trucking Service, Inc., 141 F.R.D. 258, 259 (E.D.N.C. 1991). "If the doctrine is found to exist, the party seeking discovery may overcome it if he can establish a "substantial need" for it and that "undue hardship" would result from nondisclosure." Id.

In support of the motion, Defendants' counsel Ned Stiles has submitted an "Affidavit..." (Document No. 29-2) in which he asserts: that he was hired by Trans Am Trucking to represent their interests and those of their driver, Charles Spiller, in connection with the March 19, 2006 accident; that based on his experience litigation was inevitable (especially considering a fatality resulted) and that is why he was hired; that upon being retained he immediately contacted Mr. Gettings to discuss the investigation; that Mr. Gettings was directed to report directly to Mr. Stiles, which he did; and

3

that it was the understanding between Mr. Stiles and Mr. Gettings that their communications would be confidential and attorney work product.

Defendants contend that the documents requested by Plaintiff are tangible things, prepared in anticipation of litigation, and were prepared by Mr. Stiles and Mr. Gettings. Therefore they argue there is no reason to deny work product protection. The undersigned agrees. The instant case is distinguishable from a previous Middle District case denying work product protection where the insurance adjuster had made an investigation in the ordinary course of his duties. <u>Pete Rinaldi's Fast Foods, Inc. v. Great American Ins. Cos.</u>, 123 F.R.D. 198 (M.D.N.C. 1988). Here the investigation was conducted under the direction and supervision of an attorney in anticipation of litigation, - not by Mr. Gettings solely in his capacity as an insurance adjuster.

### III. CONCLUSION

Based on the foregoing, and the lack of any "substantial need" or "undue hardship" established by Plaintiff, the undersigned will grant the motion. This outcome is further supported by the Court's careful consideration of the documents submitted for *in camera* review.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion For Protective Order And Motion To Quash Subpoena" (Document No. 28) is **GRANTED**.

Signed: January 14, 2008

David C. Keesler
United States Magistrate Judge

4