# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:06-CV-483-RJC-DCK

| | |
|---|---|
| CRYSTOL SMITH, as Administrator of the Estate of Priscilla Johnson, Deceased, ) ) ) Plaintiff, ) ) v. ) ) TRANS AM TRUCKING, INC. and ) CHARLES HARVEY SPILLER, ) ) Defendants/Third Party Plaintiffs, ) ) v. ) ) CRYSTOL SMITH, Individually, and ) CATRINIA DIANNE HARRIS, ) ) Third Party Defendants. ) ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Memorandum In Support Of Sanctions And Current Status Of Discovery" (Document No. 33), filed December 31, 2007 and "Defendants' Memorandum In Opposition To Plaintiff's Motion For Sanctions" (Document No. 38) filed January 15, 2008. Plaintiff did not file a reply.[1] The Court will also consider "Plaintiff's Request For Hearing On Motion For Sanctions" (Document No. 41), filed February 7, 2007, to which no response has been filed. These matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and are now ripe for disposition.

---

[1] The Court notes that Plaintiff failed to notify the Court and opposing counsel pursuant to Local Rule 7.1(E) which requires: "[i]f the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice."

Having carefully considered the papers, the record, and the applicable authority, the undersigned will <u>deny</u> the motions. No sanctions are warranted at this time, and the Court will not be aided in the resolution of this matter by a hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a collision between a tractor trailer and an automobile on Interstate 85 in Charlotte, North Carolina on March 19, 2006. Crystol Smith ("Plaintiff") is the administrator of the estate of Priscilla Johnson. Tragically, Johnson was thrown from the automobile during the collision and died a few hours later as a result of her injuries. The Defendants are Charles Spiller, the driver of the tractor trailer, and Trans Am, the owner of the tractor trailer.

Plaintiff filed a Complaint (Document No. 1-3) in Mecklenburg County Superior Court with allegations including: illegal, wrongful, willful, wanton, reckless, careless and gross negligent conduct by Spiller, as well as imposing liability on his employer Trans Am for that same conduct; and alleging negligent hiring, supervision, training and retention by Trans Am. Plaintiff seeks compensatory and punitive damages. Defendants removed the case to this Court (Document No. 1) on November 30, 2006.

Regrettably, discovery in this matter has been far from smooth. The pending "...Memorandum In Support Of Sanctions...," filed by the Plaintiff (Document No. 33) shortly before a telephonic status conference was conducted in this case by the undersigned, alleges Defendants' failure to respond in a full and timely manner to certain discovery requests "evidences a clear intent to withhold documents and to frustrate the Plaintiff's legitimate discovery efforts." (Document No. 33 at 4). Such has been the Defendants' failure that the Plaintiff contends sanctions are appropriate, up to and including dismissal or default judgment.

Defendants' response (Document No. 38) essentially contends that they have provided the information requested to the fullest extent possible and argues that there is no legal support for sanctions. The Plaintiff did not file a reply to the Defendants' response to the pending motion, but eventually did file a "...Request For Hearing On The Motion For Sanctions" (Document No. 41). This matter is now ripe for a decision.

**II. DISCUSSION**

The Court conducted a hearing on August 21, 2007, in an attempt to resolve certain discovery disputes in this case. At that hearing, in addition to ruling from the bench on some discovery disagreements, the undersigned encouraged the parties to work together to the best of their abilities to finish discovery without further intervention from the Court. The Court noted at that time that, ironically, counsel for Defendants had sent correspondence to counsel for Plaintiff that included the observation: "[i]t is our experience that the last thing that magistrates and federal district court judges like to do is deal with squabbles over discovery." (Document No. 25-5). Counsel for Defendant made a similar observation a few months later, opening correspondence to Plaintiff's counsel with the following: "[i]n light of Judge Conrad, during the recent status conference, admonishing the parties in this case to work together in a professional manner to try to resolve discovery disputes without the court's intervention, I am again requesting full discovery ...." (Document No. 34-10).

Nevertheless, in the instant dispute, Plaintiff contends sanctions against Defendants are appropriate due to their failure to produce copies of certain documents and/or delayed production of documents, including Defendant Spiller's driver logs from January 2006 through March 19, 2006 and Spiller's personnel file. Plaintiff notes that "Federal Rule of Civil Procedure 37(b) allows the Court, pursuant to its own discretion, to impose sanctions, up to and including dismissal or default

judgment, when a party fails to comply with discovery ordered by the Court." (Document No. 33 at 4). Plaintiff contends that "[d]efault judgment is the only sanction that would be appropriate given the Defendants' dilatory and vexatious conduct...." (Document No. 33 at 7).

Defendants' response contends that Defendants "produced the complete contents of defendant Spiller's personnel file on September 14, 2007." (Document No. 38 at 3). Defendants further contend that they have "produced drivers logs in the possession of Trans Am for a period of five weeks prior to the accident . . . [t]hough the Court had ordered that 12 weeks of logs be produced to the plaintiff, defendant Trans Am was unable to respond completely to this request due to the fact the logs requested had been destroyed." (Document No. 38 at 4). Trans Am claims it has produced every log it possesses for Mr. Spiller.

Based on the Defendants' response, and the lack of any reply from Plaintiff challenging that response, the undersigned is not persuaded at this time that sanctions are appropriate. In addition to the request for sanctions, Plaintiff's instant motion addresses other "current discovery issues." It is the undersigned's belief that some, if not all, of those other discovery issues may have been resolved since the December 31, 2007 filing. To the extent other issues may require the Court's intervention, the undersigned is confident Plaintiff will make an appropriate filing, if necessary, following a diligent effort between the parties to resolve such issues on their own.

As stated above, the Court does not believe it would be aided in its resolution of this motion by a hearing.

### III. CONCLUSION

For the reasons stated above, based upon a careful consideration of this matter, the undersigned will deny the Plaintiff's motion for sanctions.

4

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Memorandum In Support Of Sanctions And Current Status Of Discovery" (Document No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiff's Request For Hearing On Motion For Sanctions" (Document No. 41) is **DENIED**.

**IT IS FURTHER ORDERED,** noting that the Court is informed the parties have not conducted mediation by the Court-imposed deadline of March 14, 2008, counsel for <u>each party</u> shall file a status report of five (5) pages or less, on or before **April 1, 2008**, explaining the status of this matter and explaining further why this deadline was not met and why, notwithstanding this fact, neither party has moved to extend the mediation deadline.

**SO ORDERED**.

Signed: March 24, 2008

David C. Keesler
United States Magistrate Judge