# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO: 3:06-CV-483-RJC-DCK

| | |
|---|---|
| CRYSTOL SMITH, as Administrator of the Estate of Priscilla Johnson, Deceased, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** |
| | ) |
| TRANS AM TRUCKING, INC. and CHARLES HARVEY SPILLER, | )<br>)<br>) |
| Defendants/Third Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| CRYSTOL SMITH, Individually, and CATRINIA DIANNE HARRIS, | )<br>)<br>) |
| Third Party Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Second Motion To Compel" (Document No. 44), filed February 29, 2008; "Defendants' Motion For Protective Order" (Document No. 48) and "Defendants' Brief In Support Of Motion For Protective Order And In Response To Plaintiff's Second Motion To Compel" (Document No. 49), filed March 17, 2008; and "Plaintiff's Reply To Defendant's Motion In Opposition To Plaintiff's Second Motion To Compel" (Document No. 55), filed March 28, 2008. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition.

Having carefully considered the papers, the record, and the applicable authority, the undersigned will <u>grant</u> in part and <u>deny</u> in part Plaintiff's motion, and <u>deny</u> Defendants' motion.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a collision between a tractor trailer and an automobile on Interstate 85 in Charlotte, North Carolina on March 19, 2006. Plaintiff Crystol Smith is the administrator of the estate of Priscilla Johnson. Johnson was thrown from the automobile during the collision and died a few hours later as a result of her injuries. Defendants are Charles Spiller, the driver of the tractor trailer, and Trans Am, owner of the tractor trailer.

Plaintiff filed a Complaint (Document No. 1-3) in Mecklenburg County Superior Court with allegations including: illegal, wrongful, willful, wanton, reckless, careless and gross negligent conduct by Spiller, as well as imposing liability on his employer Trans Am for the acts and omissions of Defendant Spiller, and alleging Trans Am negligently hired, supervised, trained and retained Defendant Spiller. Plaintiff seeks compensatory and punitive damages. Defendants removed the case to this Court (Document No. 1) on November 30, 2006.

The pending motion seeks production of a March 20, 2006 statement (or interview) given by Defendant Spiller to Ned Stiles, counsel for the Defendants. On June 28, 2007, Plaintiffs were served with "Defendants Privilege Log" which lists the meeting in question as its first entry. (Document No. 44-3). The privilege log describes the event as an investigative interview, and claims privilege as "[c]onfidential attorney-client communications / work product." "Plaintiff's Second Motion To Compel" also requests the Court to compel Defendant Trans Am "to produce for the period of December 2005 through March 2006, driver log audit letters for all Trans Am drivers and a 30(b)(6) witness on this topic." (Document No. 44 at 5).

On March 20-21, 2008, the parties each filed motions for summary judgment that will be ripe on or before April 17, 2008. This case is currently set for trial May 5, 2008.

## II. STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure address the general scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## II. DISCUSSION

Defendants contend that the statement by Defendant Spiller on March 20, 2006, which Plaintiff seeks to compel production of, is part of the investigation into the accident, obtained in preparation for litigation, and previously identified as privileged. (Document No. 49 at 1-2). Therefore, Defendants argue that the statement requested "should be afforded work product

3

protection." As to the request for driver log data, Defendants contend that the request is overly broad and "not reasonably related to Plaintiff's claim or any defense in this case." (Document No. 49 at 5).

Federal Rule of Civil Procedure 26(b)(3) specifically provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed.R.Civ.P. 26(b)(3)(A). The party asserting attorney work product has the burden to establish "(1) that the material sought to be withheld from disclosure consists of documents or tangible things, (2) prepared in anticipation of litigation or for trial, (3) by or for another party or by or for that party's representative." Ennis v. Anderson Trucking Service, Inc., 141 F.R.D. 258, 259 (E.D.N.C. 1991). "If the doctrine is found to exist, the party seeking discovery may overcome it if he can establish a 'substantial need' for it and that 'undue hardship' would result from nondisclosure." Id.; see also Fed.R.Civ.P. 26(b)(3)(A)(ii).

Plaintiff argues that it needs the interview to "ensure the veracity and accuracy of Defendant Spiller's sworn testimony." (Document No. 55 at 3). "Plaintiff's Reply..." contends that there is no attorney/client privilege where a party has hired a court reporter for purposes of recording a party's statement prior to litigation. (Document 55 at 2). Plaintiff suggests that if a firm secretary or other personnel had somehow recorded the interview, that would have accomplished the same result and would have been privileged, but that since counsel for Defendants hired a court reporter to record the interview, it is not privileged. Id. The undersigned disagrees.

Plaintiff's only support for the argument that the court reporter's presence destroyed privilege is a case from the South Carolina Court of Common Pleas, Jameson v. Life Care Center of

4

American, Inc. (Document No. 55-2). That decision is not binding on this Court, and even if it were, appears distinguishable from this case. In Jameson, the South Carolina court found that substantial need and undue hardship existed.

Defendants contend that "[t]he presence of a third party will not vitiate the attorney/client privilege if the third party is the client's agent." (Document No. 49 at 8) citing In Re Grand Jury Proceedings Under Seal, 947 F.2d 1188 (4th Cir. 1991). The undersigned finds further support for this contention from the Seventh Circuit:

> The attorney-client privilege shields only those communications by a client to an attorney that were intended to be confidential. Thus as a general matter, the attorney-client privilege will not shield from disclosure statements made by a client to his or her attorney in the presence of a third party **who is not an agent of either the client or attorney**. See 8 Wigmore, Evidence § 2311 ("One of the circumstances by which it is commonly apparent that the communication is not confidential is the presence of a third person who is not the agent of either client or attorney.")

U.S. v. Evans, 113 F.3d 1457, 1462 (1997).

It is the undersigned's view that Defendants have adequately established that the information sought is attorney work product and thus deserving of protection. Plaintiff has failed to make a convincing argument for a "substantial need" for the interview, or that "undue hardship" will result if it is not produced. Although the Plaintiff's request is understandable, Plaintiff has had ample opportunity to gather relevant testimony through the depositions of Mr. Spiller and other witnesses. Furthermore, the undersigned is not prepared to find that the presence of a court reporter hired to record an interview is distinguishable from other staff or agents of an attorney or client, and thus destroys privilege. The undersigned therefore does not find justification here to invade

5

attorney/client privilege and compel production of Defendant Spiller's March 20, 2006 interview which was recorded in anticipation of litigation.

Plaintiff also seeks the production of driver log audit letters for all Trans Am drivers for the period December 2005 through March 2006 and a 30(b)(6) witness on this topic. (Document No. 44 at 5). Plaintiff contends that it has a "claim that Trans Am was negligent in the supervision of Spiller and that it had a careless and reckless attitude toward supervision of all of its drivers." Id. Plaintiff's Complaint clearly alleges negligence by Defendant Trans Am in "hiring, supervising, training, and retaining Defendant Spiller," but it does not assert careless and reckless supervision of all its drivers. (Document No. 1-3 at 5, ¶ 37).

Defendants contend in response that Trans Am currently has 2,797 trucks and trailers in operation, and argues that driver log audit data for each driver has no reasonable relation to Plaintiff's claims. (Document No. 49 at 5). Defendants contend that the request is overly broad in a cause of action for negligent supervision where Plaintiff "must prove that the alleged 'incompetent employee committed a tortious act resulting in injury to plaintiff and that prior to the act, the employer knew or had reason to know of the employee's incompetency.'" Id. at 6, citing Smith v. Privette, 128 N.C. App. 490, 494-95 (1998). The undersigned agrees that this request for production is overly broad and not sufficiently relevant to the specific claims brought in this lawsuit.

Plaintiff also seeks a 30(b)(6) deponent on the issue of supervision and corrective action by Defendant Trans Am. To the limited extent that Plaintiff's request is construed as one for Defendants to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf" on the specific issue of Defendant Spiller's driver log audits and the training and supervision of Defendant Spiller, and/or on the maintenance of logs and

training and supervision of Trans Am drivers in general, the undersigned will grant the motion to compel. Fed.R.Civ.P. 30(b)(6). If Plaintiff has sufficiently covered this issue in a previous deposition, Plaintiff shall not attempt to schedule a 30(b)(6) deposition that would be redundant.

Defendants' filing on March 17, 2008, following the "Plaintiff's Second Motion To Compel" (Document No. 44) appears to be a combined response to the motion to compel <u>and</u> a motion for protective order. (Document Nos. 48-49). The filing did not include a proposed protective order. The Local Rules expressly preclude the inclusion of motions in responsive briefs. Local Rule 7.1(C)(2). Furthermore, the "Pretrial Order And Case Management Plan" for this case requires that "[a]ny objections made to discovery requests shall be accompanied by a draft proposed protective order." (Document No. 10 at 2). In consideration of these requirements, the undersigned has construed Document Nos. 48-49 as a response to Plaintiff's second motion to compel and supporting memoranda. The Court therefore will not *sua sponte* issue a protective order, but will grant in part and deny in part the motion to compel.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Second Motion To Compel" (Document No. 44) is **DENIED IN PART** and **GRANTED IN PART** as described above.

**IT IS FURTHER ORDERED** that "Defendants' Motion For Protective Order" (Document No. 48) is **DENIED** as described above.

**IT IS FURTHER ORDERED** that the parties shall participate in a mediated settlement conference on or before **April 17, 2008**, and that a report on the results of that mediation shall be filed on or before **April 18, 2008**.

**SO ORDERED**.

Signed: April 7, 2008

David C. Keesler
United States Magistrate Judge